UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**JAMES EARL LONG**                                                                          **PLAINTIFF**

**v.**                                                         **CIVIL ACTION NO. 4:13CV-P51-M**

**HENDERSON CO. JAIL MEDICAL DEPT.** *et al.*                                **DEFENDANTS**

## MEMORANDUM OPINION

By Order entered August 5, 2014, the Court provided Plaintiff with a second opportunity to respond to Defendants' motion for sanctions under Federal Rule of Civil Procedure 37 or, in the alternative, for summary judgment under Federal Rule of Civil Procedure 56. The Court warned Plaintiff that his failure to file a response to Defendants' motions within 30 days from the entry date of the Order would result in dismissal of this action with prejudice[1] pursuant to Federal Rule of Civil Procedure 41 for failure to prosecute and to comply with an Order of this Court. The 30 days have passed without any response by Plaintiff.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the

---

[1]In their motion, Defendants advise that Plaintiff notified them of a change of address in January 2014, but the record reflects that Plaintiff never notified the Court of a change of address. Further, Defendants assert that on February 24, 2014, they served Plaintiff with a Notice of Deposition; that the deposition was scheduled for March 5, 2014, but Plaintiff failed to appear; that on March 6, 2014, Plaintiff left a voicemail with Defendants' counsel advising that he had just received the notice; and that counsel has received no further contact from Plaintiff. Defendants additionally advise that Plaintiff failed to comply with the Scheduling Order directing that a pretrial memorandum be filed by April 7, 2014. Finally, despite this Court's recent warning to Plaintiff that his failure to respond within 30 days to Defendants' motions would result in dismissal with prejudice, Plaintiff still has failed to file anything with the Court. For these reasons, dismissal with prejudice is warranted.

district court to enter a *sua sponte* order of dismissal."). "[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Id.* "[T]he lenient treatment of *pro se* litigants has limits. Where, for example, a *pro se* litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Additionally, courts have inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Plaintiff having failed to comply with a straightforward Court Order containing an easily understood deadline, the action will be dismissed by separate Order for failure to prosecute and to comply with an Order of this Court.

Date: September 11, 2014

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Plaintiff, *pro se*
Counsel for Defendants
4414.005